Christ's Church *v.* Woodward.

WARDENS OF CHRIST'S CHURCH *versus* WHEELER WOODWARD.

The return of the proceedings of the selectmen of a town in laying out a road or way, to be valid, must state whether the way laid out is a town way or a private way.

And this should be distinctly stated in the return, and is not to be inferred from other facts.

Since the Revised Statutes were in force (c. 5, § 6 and 7) the return of the person warning a town meeting must state " the manner of notice, and the time it was given," and must state that an attested copy of the warrant was posted up " in some public and conspicuous place in said town, seven days before the meeting," unless the town has appointed a different mode, or the meeting will be illegal.

A *conditional* acceptance of a town or private way by the town is void. And there is no provision, as in the case of a public highway laid out by the county commissioners, that a town or private way may be considered as not laid out or established, if the damages assessed should be greater in amount, than the public convenience would require to be paid.

THIS case came before the Court upon the following statement of facts by the parties.

" The parties agree to submit this case to the Court on the following facts : —

" The suit is trespass *qua. clau.* The writ is dated May 19th, 1846, describing the *locus in quo,* as part of a tract commonly called and known as the Parsonage lot in Gardiner. The title is admitted to be in the plaintiffs, and the act of breaking and entering by defendant is admitted, as alleged in the writ, under direction of the selectmen of Gardiner.

" Also the following return made by the selectmen of Gardiner, viz: — " On the petition of E. F. Deane and nine others, citizens of Gardiner, and in pursuance of notice publicly given according to law, the undersigned selectmen of the town of Gardiner, have proceeded to view the locations of streets, as requested by said petitioners, and have laid out the same as follows, to wit: — commencing on the westerly line of the Parsonage lot at the southwesterly corner of A. T. Perkins' lot and running on the line of said Parsonage lot about twelve rods to land owned by E. F. Deane, Esq. the line above described is the easterly line of said street and the street to be

three rods wide." Also a street leading from Lincoln street to Dresden street as follows: — commencing at the aforesaid southwesterly corner of A. T. Perkins' lot, thence running on the southerly line of said Perkins' lot and the lot owned by Ivory Nudd to Dresden street about twenty rods ; the above described line to be the northerly line of the street, and the street to be three rods wide. — All which is submitted for the action of said town.

"Gardiner, Aug. 29, 1844. "A. Clark, ⎤ Selectmen
"Mason Damon, ⎬ of
"Arthur Plummer, ⎦ Gardiner."

"The undersigned, in estimating the damages for land passed over by the above streets, award to Simon Bradstreet eighty-five dollars and to the trustees of the Episcopal Church the sum of thirty dollars.

"Ansyl Clark, ⎤ Selectmen
"Mason Damon, ⎬ of
"Arthur Plummer, ⎦ Gardiner."

"The trespass complained of, is on the land last described in said return ; the defendant acting under the orders of the selectmen to open said street as a highway.

"On the 17th of October, 1844, said selectmen issued their warrant directed to a constable of Gardiner requiring him to warn a meeting of the inhabitants for the purpose of a town meeting to be held on the 24th of October of said month. On the back of the warrant is a return in the following words and figures, "Kennebec ss. Oct. 18, 1844. I have notified and warned the inhabitants of Gardiner as within directed, by posting up six notices, stating the time, place and purposes of said meeting. "J. D. Gardiner, Constable of Gardiner."

"The fourth article in said warrant, was as follows. "To see if the town will accept a street leading from Lincoln Street to Dresden Street as laid out by the selectmen." On the back of said return is indorsed as follows : Return of Streets, Lincoln and Dresden, Aug. 29th, 1844. — Received Sept. 25th, 1844. — Recorded page 27th. — Accepted Oct. 24th, 1844."

" A meeting of the town was held on the 24th of October, 1844. Among others the following vote was passed. Art. 4th. " Voted to accept a street leading from Lincoln Street to Dresden Street, as laid out by the selectmen, provided the damages shall not exceed thirty-five dollars." The legal title to the land thus located as a street, was then, and is now in the wardens of said church, as wardens, no persons ever having been known or denominated trustees of the Episcopal Church as connected with said Parsonage lot; said street has never been opened, nor has any labor been bestowed upon it for that purpose. No amount of damages has ever been agreed on, to be paid or received by any party to the above transaction or by said plaintiffs; nor has any method been adopted by said selectmen or town, or others, for ascertaining the amount of said damage, except as herein before stated. The damages claimed by said plaintiffs is much greater, exceeding by ten fold the amount named in said return of said selectmen " to be paid the trustees of the Episcopal Church," or in said vote accepting the same as a street, provided the damages should not exceed $35, being not less than $400, which is denied by defendant. The said town have never passed any vote providing that less than seven days should be sufficient notice for warning a town meeting.

" A motion is submitted by defendant's counsel to the Court to grant leave to said constable who served said warrant (he being still in office by virtue of a re-election) to amend his said return by stating the time when, and the manner of posting up the notices, warning said meeting of the 24th of October. This motion is resisted by counsel for plaintiffs: — 1st on the ground that the Court *cannot* in this case legally grant such power; and 2d, that if said Court *can* legally grant it, they, in the exercise of a sound legal discretion, *will not* so do. But if said Court should decide both questions in the affirmative, it is then agreed that said constable would amend the same according to the following statement made by said constable, viz: — " A statement of facts in regard to my re-

turn on the warrant for town meeting, October 17th, 1844, that on the day of the date of said warrant, I posted up in three public places in the town of Gardiner, three copies, and on the following day posted up three more, which is the day on which I returned said warrant or the day I made the return.

"J. D. Gardiner."

"It is agreed, that the road in dispute is the only one ever located, by the selectmen from Lincoln to Dresden Street since 1840, although there was one so located prior to 1840. It is also agreed, that neither said wardens, nor any other person legally authorized, ever applied to the county commissioners for an increase of damages within a year from said 24th of October, 1844, nor at any other time, they not supposing that there was any highway or road legally laid out, it being supposed otherwise by defendant. It is further admitted that the warrant calling the town meeting and return thereon, also the proceedings of said meeting, were duly recorded, and that the report of the selectmen was made to the town clerk's office, and recorded in due season.

"It is agreed by said parties, that if said Court should decide in favor of granting said amendment, the case is submitted to their decision in the same manner as though said amendment was actually made; but if they should decide against granting said motion, on either ground, they are in that case to decide the case as though no such motion was made. It being agreed that if said Court should be of opinion that said plaintiffs are entitled to recover without said amendment being made, or notwithstanding said amendment (if allowed) then said defendant is to be defaulted, with nominal damages; but if otherwise, plaintiffs are to become nonsuit. Costs to be allowed to the party prevailing."

*F. Allen*, for the plaintiffs, contended that there was no legal town or private way laid out over the premises; and that therefore the justification set up by the defendant wholly failed. Twelve objections were made, among which were the following.

1. The return of the selectmen is defective in not stating

whether the way laid out by them is a *town* way or a private way. This is clearly required by the statute. And with reason, for the damages are to be paid by the town, if a town way, and by the persons benefited, if a private way. Rev. St. c. 25, § 31. There is nothing in the return from which it can be implied, for it does not state by whom the damages are to be paid. .

2. It is a substantive and independent objection, that the return does not state by whom the damages are to be paid. It was the duty of the selectmen to determine this question, and to state it in their return.

3. There was no valid acceptance by the town, because it was upon a condition; "provided the damages shall not exceed thirty-five dollars." 2 Pick. 547. The town can only accept or reject the return of the selectmen as they have made it.

4. There was no acceptance of the report by the town, because the meeting was illegal, and the acts of the town at that time were void. The return of the constable is fatally defective. There is a new provision in the revised statutes (c. 5, § 7,) that he " shall make his return on the warrant, stating the manner of notice and the time it was given."

5. But if the Court have the power to permit the proposed amendment, and they see fit so to do, in the exercise of their discretionary power, and it can affect this present action, still, when so amended, it would remain fatally defective. It should state at what places, and that those were conspicuous public places. And it does not appear, that the papers posted up were copies of the warrant. ,

*Danforth & Woods,* for the defendant, contended that it was not necessary, that there should be any direct statement in the return of the selectmen, that this was a town or private way. The statute does not in terms require it to be done. It is said, that it must be inferred, because damages are to be paid by different persons in the one case, than in the other. If the necessity of making the statement can be inferred, it certainly may also be inferred, from the facts in the case, that

this was a town way. It is enough, if it appears for whose benefit the road was laid out, as the persons for whose use the road was laid out must pay the damages. *Goodwin* v. *Hallowell*, 3 Fairf. 271. There is not a word about its being laid out for the benefit of any one or more individuals. It is laid out from one street to another, and it is called a street, showing, that it could not be considered a mere private way, but a public road. Besides, all that the selectmen are required to return is, simply, the boundaries and admeasurements of the way.

There is nothing in the statute, which forbids the acceptance of the report of the selectmen, from being conditional. No reason has been given, and we think none can be, why a conditional acceptance should not be good. Conditions similar to this have been imposed, and still the proceedings have been held valid. *Jewett* v. *Somerset*, 1 Greenl. 125; *Patridge* v. *Ballard*, 2 Greenl. 50.

We do not consider, that the acceptance of the report of the selectmen is conditional. It amounts to this. We will accept the report of the selectmen; but should the damages by an appeal to the county commissioners, exceed the sum of thirty-five dollars, the road is to be discontinued. No appeal has been taken, and there can be no increase of damages, and it is now the same as if no condition had been annexed.

The return of the warning of the meeting, would unquestionably have been good, before the revised statutes, as it stands, without the proposed amendment. And now, when towns have actually met and acted under such returns, the proceedings of the towns will not be held to be void. The presumption of law, is in favor of the correctness of such proceedings, that officers have done their duty; and besides, it is only directory. 12 Maine R. 491; 8 Greenl. 343; 1 Pick. 112.

But this becomes a question of little importance, as the proposed amendment should clearly be permitted. 1 Pick. 112; 11 Mass. R. 477 and 413; 9 Greenl. 16; 4 Greenl. 444; 13

Maine R. 466.   By the amended return the meeting was legally called.

But even if it should appear, that there are some technical objections to the proceedings, the Court have, in many cases, upheld the doings, where no injustice has been done.   And the counsel strenuously urged, that the present was a case, where the Court ought to uphold the proceedings of the select-men and of the town.

The opinion of the Court was prepared by

SHEPLEY J.— It appears from the agreed statement of facts, that the defendant entered upon the estate of the wardens under the direction of the selectmen of the town of Gardiner, to open a street or way alleged to have been laid out by the selectmen of that town, and accepted by the town.

The selectmen of towns, are authorized by statute, c. 25, art. 2, § 27, to lay out, alter, or widen town ways, for the use of their respective towns, and private ways, for the use of one or more of the inhabitants.   The damages occasioned by the laying out of a town way, are to be paid by the town ; those occasioned by the laying out of a private way, are to be paid by the persons, for whose benefit the way is laid out.   The thirty-first section provides, that the selectmen shall determine the fact, whether it be a town or a private way.   The record of the proceedings of the selectmen, presented in this case, states, that they "have proceeded to view the locations of streets as requested by said petitioners, and have laid out the same as follows."   It does not state, whether the streets are laid out as town or as private ways.   This was essential to· enable the town to act understandingly respecting the acceptance or re-jection of the ways.   And also to enable those persons who claimed damages, to know against whom those claims could be enforced.

It is insisted in argument, that it may be inferred from the proceedings in this case, that the selectmen intended to lay out a town way ; and it is probable, that such was their intention. The statute authorizes an application to the county commis-

sioners by way of appeal in certain cases respecting the laying out, the acceptance by the town, and the damages occasioned by the laying out of such ways. Their jurisdiction, in such cases, must depend upon the fact, that a particular kind of way has been laid out, or has been unreasonably refused to be laid out. Their jurisdiction should not rest upon an inference, more or less urgent and conclusive. The action of debt to recover damages sustained by any person, must also be founded upon an allegation and proof, that a town or a private way has been laid out; and in what mode should that fact be determined, if not decided by the selectmen as required by the statute ? It was doubtless intended to prevent these uncertainties and difficulties by requiring the selectmen to determine and state, whether the way was laid out as a town or as a private way.

The damages awarded by the selectmen are for the laying out of two streets. If the streets might be considered as ways, and one as accepted, and the other as rejected, it would be doubtful, whether a party injured could recover damages. It does not appear whether the other street was ever presented to the town for acceptance, or whether accepted or rejected.

It is provided by statute, c. 5, § 6, that town meetings shall be notified by posting an attested copy of the warrant " in some public and conspicuous place in said town seven days before the meeting" unless the town has appointed a different mode, which does not appear to have been done by the town of Gardiner. By the use of the word " conspicuous," it was intended to prevent the possibility of calling a town meeting in a secret manner by posting a notice in a public place, and yet in such a position, that but few, if any, persons would be likely to notice it. The seventh section requires, that the person, who notifies the meeting, should make his return on the warrant, " stating the manner of notice, and the time it was given." It is difficult to perceive how there can be a compliance with this provision, unless the person states what he did and when he did it. It is necessary for the protection of the valuable rights designed to be protected by these

provisions of the statute, that the persons, who post such notices, should be required to state " the manner of notice and the time it was given."

The return of the constable, upon the warrant in this case, and the one proposed to be made, are both too defective to show, that the town meeting was legally notified.

The record states, that the town " voted to accept a street leading from Lincoln street to Dresden street, laid out by the selectmen, provided the damages shall not exceed thirty-five dollars." The statute does not provide for the conditional acceptance of a town or private way. Nor is there any provision, as there is in relation to highways, that a way may be considered as not laid out or established, if the damages assessed should be greater in amount, than the public convenience would require to be paid. The existence of a town or private way must be certainly and finally determined before a party injured can recover his damages, or sustain a process for their increase. If upon an application for their increase, a greater amount should be assessed, than was named in the conditional acceptance, it is contended, that the way must be considered as discontinued. This would not only be a result not authorized by any provision of the statute, but productive of gross injustice. For the party injured would be deprived of all means of recovery for the expenses and costs of the proceedings to obtain an increase by the very judgment awarding it. There is no provision for the recovery of costs in such case, as there is in case of highways.

The cases cited to show, that a conditional acceptance may be good, do not sustain the position. In the case of *Jewett v. Somerset*, 1 Greenl. 125, the Court adjudged the county road to be of common convenience and necessity, without any condition annexed ; and appointed the plaintiffs to lay it out, " the service to be performed at the expense of the petitioners." The only question decided, was, whether the plaintiffs, performing services under such a commission, could recover pay for them, of the county. The case of *Patridge* v. *Ballard*, 2 Greenl. 50, was a suit of like character to recover compen-

sation for services, performed in laying out a highway, of those persons, who petitioned for it, the county commissioners having ordered it to be laid out at the expense of the petitioners. And their right to recover, was made to depend upon the consent of the petitioners to pay for such services.

The Court has been urged to sustain these proceedings, should they prove to be defective. But it cannot yield to such considerations, when the effect of establishing such a rule might be productive of much inconvenience and uncertainty in public proceedings, and of serious injury to individuals, without any adequate redress. It will occasion much less mischief to require town officers to pay some attention to the plain language of a statute, than would be occasioned by an attempt to uphold proceedings so irregular and defective, as those presented in this case. It will not be necessary to notice the other objections taken by the counsel for the plaintiffs. According to the agreement of the parties, the defendant is to be defaulted.